IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUSHON LETTE LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 C 1971 |
| ) | Judge Joan H. Lefkow |
| Chicago Police Officers ALEX WOLINSKI, ) | |
| B. CHEREK (Star No. 15983), PLOTKE ) | |
| (Star No. 1680), and CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This case was brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983.[1] In his complaint, Lushon Lette Lee alleges that the individual defendant Chicago police officers, Alex Wolinski, Ben Cherek, and Richard J. Plotke Jr. (collectively, "the officers"), deprived him of his constitutional rights guaranteed by Fourth, Fifth and Fourteenth Amendments when they arrested him without probable cause, used excessive force in effecting the arrest, and deprived him of due process by submitting false charges for prosecution and denying him procedural fairness. Lee also alleges an Illinois common law claim for malicious prosecution. The court's jurisdiction rests in 28 U.S.C. § 1343, and it has supplemental jurisdiction over the state law claim. 28 U.S.C. § 1367.

---

[1] Lee also pleads that he proceeds under The Declaratory Judgment Act, 28 U.S.C. § 2201. Compl. ¶ 1. His prayer for relief, however, does not seek a declaratory judgment. As § 1983 cases are normally not pled as declaratory judgment actions and such a judgment would add nothing to his claim for damages, this aspect of the pleading is disregarded.

The case is before the court on Lee's motion for partial summary judgment on his claim of false arrest (Count I). For the following reasons, Lee's motion for partial summary judgment is denied.

I.  Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In deciding whether there is a genuine issue of material fact, the court is to view the record in the light most favorable to the party opposing the motion, giving the non-moving party the benefit of all favorable inferences that can reasonably be drawn from the record and the benefit of any doubt as to the existence of any genuine issue of material fact. *Adickes* v. *S.H. Kress & Co.*, 398 U.S. 144, 157–59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The moving party bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex*, 477 U.S. at 322; *Lindemann* v. *Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1998). If the moving party meets this initial burden, it falls to the non-moving party to present specific facts that show the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324; *Lindemann*, 141 F.3d at 294.

II.  Facts

The facts, stated in a light most favorable to the officers, are as follows: On September 11, 2005, Chicago police officers Cherek and Wolinski observed Lee standing on a

street corner with "a couple inches" of his penis exposed through the slit in his pants.[2] Defendant Officers' Response to Plaintiff's Statement of Material Facts, Dkt. No. 59 (Apr. 26, 2007), ¶ 8. Approximately 10 people were in the vicinity. *Id*. ¶ 9. Lee "was not looking at or touching his penis at the time," nor was he "kissing, rubbing, or in any way touching" a woman he was with at the time. *Id*. ¶¶ 10, 11. Lee's penis was not erect. *Id*. ¶ 12. The officers did not know whether Lee knew his penis was exposed or whether anyone in the vicinity had noticed. *Id*. ¶¶ 13, 14. Cherek approached Lee and told him to "tuck it in." Lee "responded, 'F--- you,' turned around, and walked away from Officers Cherek and Wolinski." Defendant Officer's Statement of Additional Facts, Dkt. No. 60 (Apr. 26, 2007), ¶ 3. Cherek and Wolinski placed their hands on his shoulders, and after Lee turned around, they observed that his penis was still exposed. *Id*. ¶ 4. They arrested Lee, and he was charged with public indecency and resisting a police officer (also assault, but that charge was dismissed before trial). A jury found Lee not guilty of either offense on March 13, 2006.

Lee reasons from the Illinois public indecency statute, 720 ILCS 5/11-9(a)(2), which, as relevant here, provides, "Any person of the age of 17 years and upwards who performs any of the following acts in a public place commits a public indecency: . . . (2) A lewd exposure of the body done with intent to arouse or to satisfy the sexual desire of the person." Lee contends that even if it is assumed that his penis was exposed, because the officers admit that they lacked any indication that the exposing was done with intent to arouse or satisfy Lee's sexual desire, the officers had no probable cause to arrest him.

---

[2] Lee emphatically denies the truth of this statement.

3

III.   Discussion

"A warrantless arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is upported by probable cause." *Maryland* v. *Pringle*, 540 U.S. 366, 369–70, 124 S. Ct. 795, 157 L. Ed. 2d 769 (2003) (citing *United States* v. *Watson*, 423 U.S. 411, 424, 96 S. Ct. 820, 46 L. Ed. 2d 598 (1976)).  As succinctly stated in *Long* v. *McDermott*,

> "To prevail on a Fourth Amendment false arrest or false imprisonment claim, a plaintiff must establish that the police arrested him without probable cause. *Morfin* v. *City of East Chicago,* 349 F.3d 989, 997 (7th Cir. 2003); *see also Kelley* v. *Myler*, 149 F.3d 641, 646 (7th Cir. 1998) ("essential predicate to any § 1983 claim for unlawful arrest is the absence of probable cause").  To establish probable cause for an arrest, "law enforcement agents must reasonably believe, in light of the facts and circumstances within their knowledge at the time of the arrest, that the suspect had committed or was committing an offense." *Payne* v. *Pauley*, 337 F.3d 767, 775 (7th Cir. 2003) (citation omitted).  "The test is an objective one and evaluates whether probable cause existed on the facts as they appeared to a reasonable police officer, even if the reasonable belief of that officer is ultimately found to be incorrect." *Id.*

No. 04 C 1182, 2005 WL 309552, at *3 (N.D. Ill. 2005).  Probable cause "need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Woods* v. *City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000); *Driebel* v. *City of Milwaukee*, 298 F.3d 622, 643 (7th Cir. 2002).

The crux of Lee's argument is that the officer lacked information from which to infer the requisite intent necessary for the officers to believe they had probable cause to arrest him for indecent exposure.  In support of this argument, he cites *People* v. *Garrison*, 412 N.E. 2d 483, 82 Ill. 2d 444 (Ill. 1980), *appeal dismissed*, 450 U.S. 961, 101 S. Ct. 1475, 67 L. Ed. 2d 610 (1981).  There the court, treating identical language, ruled, *inter alia*, that the statute was not unconstitutionally vague.  It defined "lewd exposure" as "a lascivious exhibition of those private

4

parts of the person which instinctive modesty, human decency, or common propriety require shall be customarily kept covered in the presence of others, . . . . includ[ing] the genitals, buttocks and female breasts." 412 N.E. 2d at 490, 82 Ill. 2d at 456–57. The *scienter* requirement, it stated, "requires that the accused have intended to arouse or satisfy himself by exposing himself to others." *Id.* "It therefore precludes prosecution . . . for mere inadvertent or accidental exposure. The actual intent of the defendant may, of course, be inferred by the trier of fact from the surrounding circumstances, and that evaluation is subject to judicial review." *Id.*; *see also People* v. *Christ*, 337 N.E.2d 53, 56, 32 Ill. App. 3d 1014, 1017 (Ill. App. Ct. 1975) (requisite intent could have been inferred by trial court to convict man who stood naked in front of a lighted window with an erection); *People* v. *Mikota*, 273 N.E. 2d 618, 621, 1 Ill. App. 3d 114, 118 (Ill. App. Ct. 1971) ("Intent typically is proved by circumstantial evidence, and, in the absence of circumstances inconsistent with the requisite intent, it will be inferred from the evidence establishing the other essential elements of the crime.").

*Garrison* makes clear that the crime has three elements pertinent here: (1) exposure of the penis in the presence of others, (2) in a situation where customarily it would be covered, and (3) intent to arouse or satisfy the exposer's sexual desire. 412 N.E. 2d at 490. To find probable cause, the officers would have to have an objective basis beyond mere exposure to believe that Lee exposed himself with intent to arouse or satisfy sexual desire.

As the officers describe it, they told Lee to "tuck it in." He declined to do so. A reasonable officer could certainly infer from the refusal that the exposure was not inadvertent. Other than sexual gratification, alternative intentions of Lee are difficult to imagine and Lee has not suggested any. Although this is a close question, the court concludes that Lee's refusal to

cover his penis after being directed to do so would permit a reasonable officer to infer that Lee intended to arouse or satisfy sexual desire.

Lee also contends that Officers Wolinski and Cherek could not have had probable cause to arrest him because they did not know the statutory definition of public indecency at the time of his arrest. In support of this assertion, he points to statements in the depositions of both officers evincing uncertainty in their ability to clearly define the offense or recite the statutory language. Pl.'s Statement of Material Facts, Dkt. No. 54 (Mar. 29, 2007), at 2 (citing Cherek Dep. at 38–39, 49, 97–101; Wolinski Dep. at 19–20). This argument is unavailing because the test for probable cause is an objective one. The officers' actual knowledge or understanding of the elements of the crime are not material to the determination.

III. Conclusion

For the foregoing reasons, the plaintiff's motion for partial summary judgment on Count I of his claim is denied.

Dated: October 18, 2007                                          ENTER:

 

 

_____
JOAN HUMPHREY LEFKOW
United States District Judge